PER CURIAM.
Lance Fried appeals from a defense verdict after a jury trial on his claims for uninsured motorist benefits in connection with three separate accidents. Fried also appeals the denial of his post-trial Motion to Enforce Settlement regarding a pretrial tender by State Farm Mutual Automobile Insurance Company (“State Farm”). We affirm on all claims.
Fried was insured by State Farm. He carried uninsured motorist (“UM”) coverage of $100,000 in his insurance policy. He was the subject of a rear-end collision in 1996, a sideswipe in 1997, and another rear-end collision in 1998. These collisions were not Fried’s fault.
*568 Fried requested UM benefits from State Farm. He claimed that he suffered whiplash injuries in the first two of these collisions which in turn caused a temporoman-dibular joint disorder (TMJ). He claimed aggravation of the condition following the third collision.
After State Farm did not make payment on his three claims, Fried filed this action. Eventually, Fried notified State Farm that he would assert a bad faith claim under section 624.155, Florida Statutes (2003). This notice triggered a sixty-day period in which the insurance company could resolve the claim and eliminate any exposure for bad faith. When approximately fifty days of the sixty-day period had run, State Farm mailed two checks for $100,000 each to Fried’s attorney as payment of the policy proceeds for the 1997 and 1998 accidents.
After the sixty-day period had lapsed, State Farm’s counsel learned that Fried’s counsel had never received the checks. State Farm offered to cure this problem by hand delivering new cheeks, but Fried’s counsel refused the offer, arguing that the statute required delivery by mail. State Farm then mailed two more checks for $100,000 each to Fried’s counsel, who received the checks but did not cash them.
State Farm then moved to compel settlement arguing that its original mailing of the checks complied with the statutory requirements. Under State Farm’s theory, the payment of the policy limits eliminated any claims for the 1997 and 1998 accidents. In response, Fried claimed that he had not received the $200,000 within the sixty-day window and thus the payment was untimely.
The parties asked for a pretrial ruling on whether the payment by State Farm was sufficient under Section 624.155 to eliminate State Farm’s exposure under the bad faith statute. The trial court ruled that the payment was made after the sixty-day period and was thus ineffective under section 624.155.[1] As a result, the case proceeded to trial on all three claims. During trial, the parties engaged in further settlement negotiations, but were unable to reach an agreement. The jury returned a defense verdict.
Two weeks after the verdict, Fried’s counsel advised State Farm that he planned to deposit the two $100,000 checks. State Farm stopped payment on the checks. Fried filed a motion to compel release of tendered policy proceeds. Fried’s position was that when the insurance company sent the two checks, this was an unconditional payment and that if an insurer makes an untimely payment, the statute permits a plaintiff to keep the payment. Fried argued that the only effect of a late payment is that it does not create a bar to a bad faith claim under Section 624.155. In his view, an insured may keep late-tendered funds as payment under the policy even if the insured is not successful at trial.
After an evidentiary hearing, the trial court concluded, in essence, that Fried was taking inconsistent positions. It was the court’s view that the issue it had been presented with prior to trial was whether State Farm’s tender had settled the claims on the 1997 and 1998 accidents. The pretrial answer to that question was no, so those claims were litigated at trial. The court concluded that by his pretrial position Fried had rejected the tendered pay *569 ments by State Farm and could not retain the money.
We think the trial court’s analysis on this point is correct. Having successfully taken the position in the trial court that State Farm’s tender was untimely under section 624.155, Fried was required to return the funds.
Fried also claims that the trial court erred in allowing State Farm’s expert to answer a question about photographs of his car that the trial court had previously ruled inadmissible.[2] State Farm showed its expert the excluded photographs and asked whether the photographs affected his opinion that the car accidents had not caused Fried’s TMJ. Over Fried’s objection, the expert answered that the photographs did not alter his opinion.
We conclude that Fried’s objection should have been sustained. Under sections 90.704 and 90.705, Florida Statutes, an expert may state his or her opinion without setting forth the basis for that opinion. Once the trial court had ruled the photographs inadmissible, State Farm should not have been allowed to ask questions on direct examination regarding the excluded photographs. See Charles W. Ehrhardt, Florida Evidence §§ 704.1, 705.1 (2004).
In our view, the expert should have stated his opinion without making reference to the excluded photographs. It would then be up to Fried to make the decision whether to ask on cross-examination if the photos served as the basis for the expert’s opinion. See id. § 705.1. If Fried raised the issue on cross-examination then the door would be opened and State Farm could ask questions about the photographs on re-direct.
Nevertheless, in this case the expert’s main opinion was that, as a medical matter, whiplash does not cause TMJ. State Farm asked the expert only a single question about the photographs. Under those circumstances the error was harmless.
Finally, Fried contends that the defense verdict was against the manifest weight of the evidence as to the 1998 accident. A month prior to the 1998 accident Fried had undergone jaw surgery for TMJ. The experts for both sides agreed that Fried had not fully recovered from surgery at the time of the 1998 accident, and that the accident lengthened his recovery time from the surgery. Fried seeks recovery for additional pain and suffering resulting from the prolonged recovery time. The problem with that theory is that under sections 627.727 and 627.737, Florida Statutes, an insured is required to establish (so far as pertinent here) a permanent injury. While it may be true that Fried’s recovery was slowed, his claim assumes that he was already injured prior to the 1998 accident. Mere delay in recovery is not itself a permanent injury. Therefore, we agree with the trial court that the claim was not well taken.
Affirmed.

. There has been no contention on appeal that this ruling was incorrect, so we do not address the question of how time is calculated under the statute where payment was mailed in time to comply with the statute but was never received by the recipient.

. In one instance there had been affirmative testimony that the photographs did not correctly represent the post-accident condition of the car. In another instance there was an unexplained one-year discrepancy between the date on the photograph and the date of the accident, such that the photograph appeared to have been taken one year prior to the accident. The trial court found that the photographs were not properly authenticated and excluded them from evidence.